IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE E. GONZALEZ, | ) | 4:13CV3016 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.)  The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:     Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel (1) failed to communicate and discuss the case; (2) failed to use DNA evidence to prove Petitioner's innocence; (3) failed to object to evidence offered at the hearing on Petitioner's motion in limine; (4) entered into an improper stipulation during the hearing on Petitioner's motion in limine; (5) failed to respond to the state's Rule 404 motion; (6) failed to advise Petition of his rights under Rule 404; (7) failed to secure the defense witnesses requested by Petitioner; (8) failed to file the "statutory notice of intent required in sexual assault cases and failed to advise [Petitioner] of those rights under the sexual assault intent statute"; (9) did not allow Petitioner to be

present during voir dire; (10) presented "out dated medical research material" during Petitioner's trial; (11) failed to object to exhibits 1 and 2; (12) failed to adequately prepare for trial; and (13) failed to object to the expert testimony of "McFee and Kerry Crosby."

Claim Two:          Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his appellate counsel failed to raise the following issues on appeal: (1) denial of right to be present during voir dire; (2) denial of right to fair trial due to judicial misconduct; (3) denial of right to fair trial due to prosecutorial misconduct; (4) denial of right to gather defense evidence; (5) denial of effective assistance of counsel; (6) denial of right to trial by an impartial jury; and (7) denial of right to a proper jury instruction.

Claim Three:        Petitioner's conviction was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments because Petitioner was "deni[ed] the right to call defense witnesses and cross[-]examine witnesses."

Claim Four:         Petitioner's conviction was obtained in violation of the Sixth and Fourteenth Amendment because Petitioner was denied the right to a speedy and fair trial.

Liberally construed, the court preliminarily decides that Claims One, Two, Three, and Four are potentially cognizable in federal court. However, the court

2

cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3.     By **July 1, 2013**, Respondent shall file a motion for summary judgment or state court records in support of an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 1, 2013**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4.     If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A.     The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.     The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

3

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless  directed to do so by the court.

E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

4

5.    If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A.    By **July 1, 2013,** Respondent shall file <u>all</u> state court records that are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.    No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.   *See*, *e.g.*, Rules 5(b) and 9 of the the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 1, 2013**: check for Respondent to file answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 16th day of May, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6