IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE E. GONZALEZ, | ) | 4:13CV3016 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Jose Gonzalez's ("Gonzalez" or "Petitioner") Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). (Filing No. 16.) The court denied Gonzalez's Petition for Writ of Habeas Corpus, with prejudice, on November 5, 2013. (*See* Filing Nos. 14 and 15.)

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed. R. Civ. P. 59(e); *see also* United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933. The purpose of the rule is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Depot of Educ., 79 F.3d 748, 750 (8th Cir.1996) (quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450(1982)). A Rule 59(e) motion to alter or amend must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F.Supp. 516, 556 (W.D.Mo.1991), *aff'd*, 4 F.3d 1434 (8th Cir.1993).

Here, all of Gonzalez's arguments in his motion for reconsideration concern the same legal and factual theories already addressed by this court in its order denying

habeas corpus relief. Gonzalez argues in his motion that DNA evidence shows that he is actually innocent of the crime for which he was convicted. (*See* Filing No. 16 at CM/ECF p. 3.) As set forth in the court's order denying habeas corpus relief, the state district court suppressed DNA evidence that Gonzalez argues excludes him as the source of semen found on the victim's bedding. The court determined in its order denying habeas corpus relief that Gonzalez failed to explain why it was relevant that his semen was *not* found on the victim's bed. The victim testified at trial that Gonzalez, her stepfather, orally and digitally penetrated her vagina and that he *never removed his clothing during the incidents of sexual abuse*. (*See* victim's testimony at Filing No. 7-7 at CM/ECF pp. 24-53.) Thus, the existence of DNA evidence excluding Gonzalez as the source of semen found on the victim's bedding does not affirmatively demonstrate that Gonzalez is actually innocent of sexually assaulting the victim.

Gonzalez has failed to set forth any intervening change in case law or new evidence that would allow for a modification of the court's order. Further, Gonzalez has failed to convince the court that it has made a clear error of law in its prior order. A such, the instant motion for reconsideration must be denied.

IT IS THEREFORE ORDERED that: Petitioner's Motion to Alter or Amend Judgment (Filing No. 16) is denied.

DATED this 10th day of December, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.