IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE E. GONZALEZ, | ) | 4:13CV3016 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Notice of Appeal, Motion to Reopen Time to File Notice of Appeal, Motion for Leave to Appeal in Forma Pauperis ("IFP"), and Motion for Certificate of Appealability. (Filing Nos. 19, 20, and 22.) For the reasons set forth below, the court finds that (1) an extension of the time in which to file a notice of appeal is warranted, (2) Petitioner's Motion for Leave to Appeal in Forma Pauperis is granted, and (3) Petitioner's Motion for Certificate of Appealability is denied.

## I.  MOTION FOR LEAVE TO APPEAL IFP

    Pending before the court is Petitioner's Motion for Leave to Appeal IFP. (Filing No. 19.)  Pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Petitioner's financial status as shown in the records of this court, leave to proceed in forma pauperis on appeal will be granted and Petitioner is relieved from paying the appellate filing fee at this time.

## II.  EXCUSABLE NEGLECT

    The court dismissed Petitioner's habeas corpus petition with prejudice and entered judgment against him on November 5, 2013. (Filing Nos. 14 and 15.) Petitioner filed a motion to alter or amend judgment on December 3, 2013, which the court denied on December 10, 2013. (Filing Nos. 16 and 17.) *See* Fed. R. App. P.

4(a)(4)(A)(iv) (stating that the time to file an appeal runs from the entry of an order disposing of a motion to alter or amend judgment). The docket sheet reflects that a copy of the order was mailed to Petitioner on December 10, 2013.

On February 10, 2014, Petitioner filed correspondence with the court inquiring as to the status of his motion to alter or amend judgment. (*See* Filing No. 18.) In this correspondence, Plaintiff stated that over two months had passed and he had yet to receive a ruling on his motion to alter or amend judgment. (*Id.*) In response to Petitioner's correspondence, the clerk's office resent to Plaintiff the court's order denying Petitioner's motion to alter or amend judgment. (*See* docket entry dated February 10, 2014.) On February 18, 2014, Petitioner filed a Notice of Appeal (Filing No. 20), together with a motion asking the court to "reopen[] the time to file an appeal" because he did not receive notice of the court's denial of his motion to alter or amend judgment until after he inquired as to its status. (Filing No. 22.)

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," (i.e., within 30 days after expiration of the appeal deadline); and (2) regardless of the "extension period," if the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

The Eighth Circuit has described "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose

2

circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Lowry*, 211 F.3d at 462 (citation and quotation omitted).

Here, the record supports Petitioner's contention that he did not receive notice of the court's denial of his motion to alter or amend judgment. That is, he filed a letter inquiring as to the status of the motion and, immediately after learning that it had been denied, he filed a notice of appeal and a motion seeking an extension of time in which to file the notice of appeal. For these reasons, the court finds that Petitioner has shown excusable neglect or good cause for his delayed filing of a notice of appeal. Accordingly, the court extends the time in which Petitioner had to file a notice of appeal and considers Petitioner's notice of appeal timely filed.

### III.  CERTIFICATE OF APPEALABILITY

In the court's order denying the petition for writ of habeas corpus, the court determined that it would not issue a certificate of appealability in this matter. (Filing No. 14 at CM/ECF pp. 20-21.) The court has carefully reviewed Petitioner's request for a certificate of appealability (Filing No. 19, Part 2), and finds no reason to reconsider its order denying a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed IFP is granted. (Filing No. 19.)

2. The court finds that Petitioner has shown excusable neglect or good cause for his delayed filing of a notice of appeal. Accordingly, the court extends the time

3

in which Petitioner has to file a notice of appeal, and considers his notice of appeal timely filed.

3. For the reasons set forth in the court's Memorandum and Order dated November 5, 2013, the court will not issue a certificate of appealability in this matter. Accordingly, Petitioner's Motion for Certificate of Appealability (Filing No. 20, Part 2) is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

DATED this 16th day of April, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.